UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

DAVID LEE HARLEY,                    )
                                     )
                Movant,              )
                                     )
        vs.                          )        Case No. 1:14CV00051 SNLJ
                                     )
UNITED STATES OF AMERICA,            )
                                     )
                Respondent.          )

## MEMORANDUM AND ORDER

This case is a motion under 28 U.S.C. § 2255 to vacate, set aside or correct

sentence by David Lee Harley, a person in federal custody. On May 21, 2012, Harley

plead guilty before this Court to the offense of conspiracy to distribute 280 grams or

more of cocaine base and, on August 20, 2012, this Court sentenced Harley to the Bureau

of Prisons for a term of 240 months, a sentence within the sentencing guideline range.

Harley's § 2255 motion, which is based on several allegations of ineffective assistance of

counsel, is fully briefed and ripe for disposition.

## FACTS

### A. INDICTMENT

On July 21, 2011, Movant David Lee Harley (Harley) was charged in Count I of a

three-count Indictment with conspiracy to distribute 280 grams or more of a mixture or

substance containing cocaine base, in violation of 21 U.S.C. § 846 and 21 U.S.C. §

841(b)(1)(A). Harley was not named in Counts II and III of the Indictment.

### B. PLEA AGREEMENT AND GUILTY PLEA

On May 21, 2012, Harley appeared with his attorney before this Court and pled guilty to Count I of the Indictment. Harley executed a Plea Agreement with his counsel and the government. (Doc. 350) Under the Plea Agreement, the government agreed to seek statutory enhancement of Harley's sentence pursuant to Title 21, U.S.C. § 841(b)(1)(A) and § 851(a) for only one of Harley's prior felony drug offenses, which subjected Harley to a mandatory minimum sentence of twenty years pursuant to 21 U.S.C. § 841(b)(1)(A). (Plea Ag. p. 2) If the government had filed notice of both of Harley's prior convictions for felony drug offenses, he would have been subjected to a mandatory minimum term of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A). (Plea Ag. p. 2) Prior to the plea hearing, on May 17, 2012, the government filed an "Information and Notice of Enhanced Sentence in Accordance with 21 U.S.C. § 851," which specified that Harley was subject to the enhanced penalty provisions of 21 U.S.C. § 841(b)(1)(A). (Doc. 342) The Notice stated that Harley's prior convictions for felony drug offenses for possession of a controlled substance with intent to distribute was being used for purposes of the enhancement, and further specified that the enhancement called for a term of imprisonment which may not be less than 20 years and not more than life imprisonment. (Doc. 342)

During his change of plea hearing on May 21, 2012, Harley stated that he understood the inclusion of the statutory enhancement of the sentence, and understood that he would be subjected to a minimum mandatory sentence of 20 years. (Plea Tr. 7) The government confirmed with the Court that the § 851 Notice had been filed on May 17, 2012. (Plea Tr. 8)

Harley acknowledged in the Plea Agreement that the "defendant… fully understands that the crime to which a guilty plea is being entered requires a mandatory minimum term of imprisonment of at least twenty years." (Plea Ag. ¶5) During the plea hearing, Harley indicated that the sentencing guidelines had been explained to him by his attorney, and that he understood the guidelines and the total offense level and criminal history category as explained by the Court. (Plea Tr. 9)

The Plea Agreement noted that "[t]he defendant has been fully apprised by defense counsel of [his] rights concerning appeal and fully understands the right to appeal the sentence under Title 18 U.S.C. § 3745." (Plea Ag. ¶7) The parties waived all rights to appeal non-jurisdictional, non-sentencing issues, including any issues related to pretrial motions, discovery and the guilty plea. (Plea Ag. ¶7) Harley waived all rights to appeal all sentencing issues other than Criminal History, so long as the Court accepted the plea, the U.S.S.G. Total Offense Level agreed therein, and sentenced Harley within or below that range. (Plea Ag. ¶7, Plea Tr. 9)

Harley also agreed "to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to title 28 U.S.C Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." (Plea Ag. ¶7.b) Harley agreed that he was "fully satisfied with the representation received from defense counsel…[d]efense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses." (Plea Ag. ¶ 9)

At the change of plea hearing, Harley was asked if he was "satisfied with the way [his] lawyer has handled [his] case?," to which Harley responded, "Yes, sir." (Plea Tr. 4) Harley was asked if his attorney had "investigated [Harley's] case to [Harley's] satisfaction?" and if his attorney had "done everything [Harley] asked him to do then?" Harley responded "Yes, sir" to both questions. (Plea Tr. 4)

Harley acknowledged "having voluntarily entered into both the plea agreement and guilty plea," and that "[he], is in fact, guilty." (Plea Ag. 11) The plea was signed by all parties on May 21, 2012. (Plea Ag. 12) Harley stated that he had signed, read, and gone over the plea agreement in detail with his lawyer. (Plea Tr. 6)

## C. THE PRESENTENCE REPORT

A Presentence Report (PSR) was prepared by order of the Court. The PSR provided that Harley's Base Offense Level was 32. (PSR ¶33). A three level reduction for acceptance of responsibility brought the total offense level to a 29. (PSR ¶¶40-42) Harley's criminal history category was a V (PSR ¶62). His statutory mandatory term of imprisonment on Count I was 20 years and the maximum was life based on 21 U.S.C. § 846, 21 U.S.C. § 841 (b)(1)(A), and 21 U.S.C. § 851. (PSR ¶91) The guideline imprisonment range was 240 months based on U.S.S.G. § 5G1.1(b). (PSR ¶92)

## D. THE SENTENCING HEARING

Prior to the sentencing hearing, Harley filed an objection to the imposition of a mandatory minimum sentence of twenty years. (Doc. 409) At the sentencing hearing on August 20, 2012, Harley objected to the guideline range stated in the PSR based on the assertion that it amounted to "cruel and unusual punishment in violation of due process."

(S. Tr. 4) This Court overruled the objection. *Id*. Harley was sentenced to the statutory minimum and guidelines' sentence of 240 months imprisonment. (S. Tr. 12)

## E. DIRECT APPEAL

Notwithstanding his written agreement to waive his right to appeal, Harley timely filed a direct appeal to the Eighth Circuit Court of Appeals on August 29, 2012. The government filed a motion to dismiss Harley's appeal on October 18, 2012, because Harley had waived his right to appeal when entering in to a plea agreement. As indicated in Attachment 1, on October 23, 2012, the Eighth Circuit granted the government's motion and dismissed Harley's appeal.

## F. MOTION FOR POST-CONVICTION RELIEF PURSUANT TO 28 U.S.C. § 2255.

On April 17, 2014, Harley filed a Motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

1. Harley repeatedly alleges that his prior state conviction "standing alone does not reveal whether either remuneration or more than a small amount [of a controlled substance] was involved [in his prior conviction]," therefore, his conviction could correspond to either a felony or a misdemeanor under 21 U.S.C § 841(b)(4). (2255 Mot. 20) Harley devotes several pages of his Motion to claiming that because his prior state felony drug conviction could have been a misdemeanor under the Controlled Substances Act, his sentence was improperly enhanced under 21 U.S.C § 841(b)(1)(A) and § 851.

2. Harley alleges that his counsel was ineffective because he failed to challenge Harley's prior state conviction according to 21 U.S.C § 841(b)(4), and if his counsel had

done so, Harley would not have pled guilty. (2255 Mot. 53, 79) Harley alleges that his counsel was ineffective because "he could have received a lighter sentence in light of 21 U.S.C. 841(b)(4) had counsel availed himself with basic legal research." (2255 Mot. 47) Harley also claims that his counsel was ineffective for not pursuing this claim on appeal. (2255 Mot. 86-92)

3. Harley alleges prosecutorial misconduct that was "in [d]irect violation of the "Equal Protection Clause" as incorporated into the fifth amendment (sic) to th (sic) United States Constitution "Due Process Clause" for that BOGUS UNLAWFUL FAULTY PEN REGISTER TRAP AND TRACE DEVICE APPLICATION ORDER(CHAPTER 26) to telecommunication service providers. In [v]iolation of [his] eight amendment (sic) to the United States Constitution "Cruel and Unusual Punishment Clause." (2255 Mot. 120)

4. Harley alleges that charging each conspirator in one conspiracy constitutes prosecutorial misconduct mainly because "Movant Harley only dealt with 'David. A. Parker' and did not deal/let alone know any of the other co-conspirators, except Hinton Gilmer Jr." (2255 Mot. 147)

## II. APPLICABLE LAW

### A. NEED FOR EVIDENTIARY HEARING AND BURDEN OF PROOF.

28 U.S.C. § 2255 provides in pertinent part:

Unless the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief, the court shall . . . grant a prompt hearing thereon.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States

District Court states:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits in the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

When a petition is brought under Section 2255, the petitioner bears the burden of establishing the need for an evidentiary hearing. Section 2255 provides a remedy for jurisdictional and constitutional errors. A defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or laws of the United States, the court lacked jurisdiction to impose a sentence, the sentence exceeded the maximum authorized by law, or the sentence is otherwise subject to collateral attack. Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011)(citing 28 U.S.C.A. § 2255(a)).

In determining whether petitioner is entitled to an evidentiary hearing the court must consider "[a] petitioner's allegations … as true and a hearing should be held unless they are contradicted by the record, inherently incredible, merely conclusions, or would not entitle the petitioner to relief." *Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir.1995)). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185, 99 S.Ct. 2235 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468 (1962)). The court need not give weight to

"conclusory allegations, self-interested characterizations, discredited inventions, or opprobrious epithets." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993)

No hearing is required when "the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)(citing *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir.1994)). *See also United States v. Robinson*, 64 F.3d 403 (8th Cir. 1995); *Engelen v. United States*, 68 F.3d 238 (8th Cir. 1995).

**B. CLAIMS WHICH COULD HAVE BEEN RAISED ON DIRECT APPEAL.**

A movant "'cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not.'" *Meirovitz v. United States*, 688 F.3d 369, 372 n. 3 (8th Cir. 2012) (quoting *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir.1994)). Claims which could have been raised on direct appeal and were not so raised are not cognizable pursuant to 28 U.S.C. § 2255 "unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 1693 (2003). Even constitutional or jurisdictional claims not raised on direct appeal cannot be raised in a § 2255 motion unless the movant can "demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." United States v. Moss, 252 F.3d 993, 1001 (8th Cir. 2001). A movant's pro se status does not excuse procedural default. *Stewart v. Nix*, 31 F.3d 741, 743 (8th Cir. 1994)

"Under 28 U.S.C. § 2255 a defendant in federal custody may seek post-conviction relief on the ground that his sentence … was in excess of the maximum authorized by law." Watson, 493 at 963. However, this provision has been held to apply "to violations

of statutes establishing maximum sentences, rather than garden-variety sentencing guideline application issues." *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995). Therefore, sentencing guideline arguments do not fall under the § 2255 provision for sentences in excess of the maximum authorized by law and should be brought only on direct appeal. *Id.*

Accordingly, if a movant fails to raise sentencing guideline errors by direct appeal then he is prohibited from raising such sentencing guideline issues in a § 2255 motion, unless he can show both cause for failure to raise the issue on direct appeal and actual prejudice resulting from the failure.

## C. EFFECT OF GUILTY PLEA ON APPEALABLE ISSUES.

A defendant who enters a plea of guilty thereby waives his right to request relief under 28 U.S.C. § 2255 with the exception of those issues related to jurisdiction. "A valid guilty plea 'operates as a waiver of all non-jurisdictional defects or errors.'" *United States v. Staples*, 435 F.3d 860, 864 (8th Cir. 2006)(quoting *United States v. Vaughan*, 13 F.3d 1186, 1188 (8th Cir. 1994)). *See, e.g.*, *Hill v. United States*, 928 F.2d 303 (8th Cir. 1991); *United States v. Stewart*, 972 F.2d 216, 217-18 (8th Cir. 1992); *Smith v. United States*, 876 F.2d 655, 657 (8th Cir. 1989).

A defendant may waive the right to seek collateral relief under Section 2255, and "[s]uch a waiver is enforceable when the claim falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement, and enforcement of the waiver would not result in a miscarriage of justice." *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011). The Eighth Circuit "has enforced a defendant's plea

agreement promise to 'waive his right to appeal, or challenge via a post-conviction writ of habeas corpus . . . the district court's entry of judgment and imposition of sentence.'" *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000)(citing *United States v. His Law*, 85 F.3d 379 (8th Cir. 1996)).

When a guilty plea is delivered by the Movant, the focus of a collateral attack must remain limited to the nature of counsel's advice and the voluntariness of the plea. *Bass v. United States*, 739 F.2d 405, 406 (8th Cir. 1984)(citing *Tollett v. Henderson*, 411 U.S. 258, 266, 93 S.Ct. 1602, 1607 (1973)). "A guilty plea operates as a break in the chain of events of the criminal process… [a criminal defendant] may not thereafter raise independent claims relating to deprivation of constitutional rights that" antedated the plea." *Tollett*, 411 U.S. at 267. Only the voluntary and intelligent character of the guilty plea may be attacked. *Id.* Although the *Tollett* decision concerned state prisoner habeas corpus petitions, the Eighth Circuit has applied it to motions under Section 2255. *Bass*, 739 F.2d at 406.

"The binding nature of the plea thus depends on the fact that it is made 'voluntarily after proper advice' and with an understanding of the consequences." *United States v. Frook*, 616 F.3d 773, 775 (8th Cir. 2010). Even a defendant's reliance on his counsel's opinion as to the calculation of defendant's sentence would not make a defendant's plea involuntary, where the record reveals that the defendant was fully informed and knowingly and voluntarily pleaded guilty. *See Hollis v. United States*, 687 F.2d 257, 260 (8th Cir. 1982); *Roberson v. United States*, 901 F.2d 1475, 1478 (8th Cir. 1990). A "valid guilty plea waives all nonjurisdictional objections, such as that the

indictment was based on false information." *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989).

## D. WAIVER OF APPELLATE RIGHTS AND RIGHT TO POST-CONVICTION RELIEF PURSUANT TO 18 U.S.C. § 2255.

Negotiated waivers of appellate rights and rights to pursue post-conviction relief have been upheld by the Eighth Circuit. *See United States v. Andis*, 333 F.3d 886, 889 (8th Cir. 2003*); United States v. His Law*, 85 F.3d 379 (8th Cir. 1996). The Eighth Circuit has determined, "[a]s a general rule, we see no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement context." *DeRoo* , 223 F.3d at 923. When a defendant waives his appeal and post-conviction relief rights in a plea agreement, the waiver will be enforced if it was knowingly and voluntarily made. *Id*.

A defendant's plea agreement waiver of the right to seek section 2255 post-conviction relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel. *DeRoo*, 223 F.3d at 924.

The Eighth Circuit has determined that a waiver of a right to appeal is enforceable if "the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily." *Andis*, 333 F.2d at 889-90. The court may still refuse to enforce a waiver of appeal "if to do so would result in a miscarriage of justice." *Id*. at 891. However, plea agreements "should not be easily

voided by the courts," and this narrow exception "will not be allowed to swallow the general rule that waivers of appellate rights are valid." *Id.*

## E. CLAIMS ALLEGING INEFFECTIVE ASSISTANCE OF COUNSEL.

To prevail on a claim alleging ineffective assistance of counsel, the movant must satisfy the two-part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). Under *Strickland*, the movant must first show that the counsel's performance was deficient. *Id.* at 687. This requires the movant to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, the movant must demonstrate that the deficient performance prejudiced the defense so as "to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The Eighth Circuit has described the two-fold test as follows: (1) "counsel's representation fell below an objective standard of reasonableness;" and (2) "but for this ineffective assistance, there is a reasonable probability that the outcome of the trial would have been different." *Rogers v. United States*, 1 F.3d 697, 700 (8th Cir. 1993) (quotations omitted). The Eighth Circuit has also described the *Strickland* test as follows: "whether counsel's performance was in fact deficient and, if so, whether the defendant was prejudiced by the inadequate representation. If we can answer 'no' to either question,

then we need not address the other part of the test." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000).

When evaluating counsel's performance, the court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Counsel's performance is considered objectively, and gauged "whether it was reasonable 'under prevailing professional norms' and 'considering all the circumstances.'" *Fields*, 201 F.3d at 1027 (quoting *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064-65). A reviewing court's "scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. "'When assessing attorney performance, courts should avoid the distorting effects of hindsight and try to evaluate counsel's conduct by looking at the circumstances as they must have appeared to counsel at the time.'" *Rodela-Aguilar v. United States*, 596 F.3d 457, 461 (8th Cir. 2010)(quoting *United States v. Staples*, 410 F.3d 484, 488 (8th Cir. 2005)).

## DISCUSSION

### A.    Harley's motion for relief under 28 U.S.C. § 2255 is time-barred.

Harley's motion for relief under 28 U.S.C. § 2255 is time-barred. Harley's underlying conviction became final on October 23, 2012, when his appeal was dismissed by the United States Court of Appeals for the Eighth Circuit. Harley had ninety days plus one year from October 23, 2012 to file his motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Accordingly, Harley had until January 22, 2014, to file his motion for post-conviction relief.

Harley did not petition the Supreme Court for a writ of certiorari to review the Eighth Circuit's decision affirming his convictions and denying his appeal. A petition for certiorari review by the Supreme Court must be filed within ninety days after entry of the judgment. Sup.Ct. R. 13.1. For the purpose of seeking review by the Supreme Court, "'[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). This Court's Rule 13(3).'" *Clay v. United States*, 537 U.S. 522, 527, 123 S.Ct. 1072, 1076 (2003) (citing Sup. Ct. R. 13(3)).

A petition for writ of certiorari to review a judgment in a criminal case by a United States court of appeals "is timely filed when it is filed with the Clerk of this Court within 90 days after entry of the judgment." Sup. Ct. R. 13.1. In the context of post-conviction relief, when a petition to the Supreme Court for a writ of certiorari review has not been filed, a conviction becomes final "when the time for filing a certiorari petition expires." *Id*. In *Clay*, the Supreme Court held that, "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." 537 U.S. at 532, 123 S.Ct. at 1079.

Accordingly, Harley's time to file a petition for a writ of certiorari ran from October 23, 2012, the date the Eighth Circuit dismissed his appeal. Harley had 90 days from October 23, 2012, to file a petition to the Supreme Court for a writ of certiorari. That time expired on January 21, 2013. Harley's judgment of conviction became final on January 21, 2013.

"[A]bsent impediment created by governmental action, newly recognized right, or newly discovered facts, one-year period of limitation runs from date on which the judgment of conviction becomes final." *United States v. McIntosh*, 332 F.3d 550 (8th Cir. 2003)(citing 28 U.S.C. § 2255 (1)-(4)). A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year time limitation that generally runs from "the date on which the judgment of conviction becomes final." Clay, 537 U.S. at 524, 123 S.Ct. at 1075 (citing 28 U.S.C. § 2255(f)(1)). Pursuant to 28 U.S.C. § 2255(f), the one year limitation period applicable to § 2255 actions runs from the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The only section applicable to Harley's claims set forth in his Petition is subsection (1)--the date on which the judgment of conviction becomes final. As such, Harley had one year from January 21, 2013, to file his Petition for post-conviction relief pursuant to 28 U.S.C. § 2255. Harley, therefore, had until January 21, 2014 to timely file his Petition for post-conviction relief. Harley's failure to file his Petition until April 17, 2014, almost three months after the limitations period expired on January 21, 2014, renders his claims time-barred pursuant to § 2255(f).

Harley filed a motion for extension to file his 2255 Motion on March 10, 2014. (Doc. 560) This motion was granted by this Court on March 20, 2014. (Doc. 561) Even if

this Court could extend Harley's time to file a 2255 Motion, Harley's motion for an

extension was filed approximately 50 days after the time had run for filing his 2255

Motion. Harley's claim was already time-barred at that time. Regardless, this Court will

address the merits of Harley's claims.

**B.      Harley waived his right to file a motion collaterally attacking his conviction.**

In the Plea Agreement, Harley agreed "to waive all rights to contest the conviction

or sentence in any post-conviction proceeding, including one pursuant to Title 28, United

States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective

assistance of counsel." (Plea Ag. ¶7.b) Harley is attempting to circumvent his agreement

to waive his appeals by making illogical and improper allegations of prosecutorial

misconduct based on pen register orders obtained on phone's used by co-conspirator

David Parker, and being improperly joined as a co-conspirator in the Indictment.

Therefore, Harley's waiver of his right to collaterally attack his conviction pursuant to 28

U.S.C. § 2255 will be enforced against him.

**C.      Harley's prior Missouri felony drug conviction for "possession of a controlled
          substance with intent to distribute" qualified as a "felony drug offense;"
          therefore, it was properly used to enhance Harley's minimum sentence to 20
          years sentence pursuant to 21 U.S.C. § 841(b)(1)(A) and § 851.**

Harley erroneously asserts that the court must consider whether "possession of a

controlled substance with intent to distribute," is "necessarily a felony under the CSA."

(2255 Mot. 22). He alleges that because his state conviction "standing alone does not

reveal whether either remuneration or more than a small amount [of a controlled

substance] was involved [in his prior conviction]," that his conviction could correspond

to either a felony or a misdemeanor under an "exception" to 21 U.S.C § 841(b)(1)(D). (2255 Mot. 20) This "exception" being that § 841(b)(1)(D) references paragraph 841(b)(4), which states that anyone "who distributes a small amount of marihuana for no remuneration," is subject to § 844, penalties for simple possession. Section 844 provides for up to a one year sentence of imprisonment for possessing small amounts of some controlled substances, including marijuana. Harley alleges that because "the fact of conviction, standing alone does not reveal whether either remuneration or more than a small amount was involved [in the underlying conviction]… The conviction did not necessarily involve facts that correspond to an offense punishable as a felony under the CSA." (2255 Mot. 20).

Harley has misinterpreted and misrepresented the statutory provisions in his effort to attack the use of his prior felony drug conviction for enhancement of his statutory mandatory minimum sentence. The provisions of 21 U.S.C. § 844 are inapplicable to using Harley's prior state felony drug conviction for enhancement of his punishment under 21 U.S.C. § 841(b)(1(A) and § 851. For his indicted offense, Harley was not charged with possessing small amounts of marijuana for no remuneration. He was charged with conspiracy to distribute 280 grams or more of a mixture or substance containing cocaine base under 21 U.S.C. § 841(a) and (b)(1)(A), which subjected Harley, upon conviction, to term of imprisonment of not less than 10 years nor more than life. However, pursuant to § 841 (b)(1)(A), Harley was subject to an enhanced minimum term of imprisonment of 20 years imprisonment if he had a prior conviction for a felony drug offense that had become final, enhanced to a mandatory minimum term of life

imprisonment if he had been convicted of two or more felony drug offenses that had become final.

As alleged in the Information and Notice of Enhanced Sentence in Accordance with 21 U.S.C. § 851, Harley was previously convicted of the following felony drug offense under Missouri law:

> On November 23, 1999, in the Circuit Court of Butler County, Missouri, in Case Number 36R039801878 (formerly CR398-1878FX), of then felony of Possession of a Controlled Substance with the Intent to Distribute, to which defendant Harley was sentenced to a term of imprisonment of five (5) years in the custody of the Missouri Department of Corrections…

(Doc. 342) This conviction for a felony drug offense was also referenced in paragraph 51 of Harley's Presentence Report.

Harley's underlying state felony drug conviction in the Circuit Court of Butler County, Missouri, is clearly a felony drug offense pursuant to 21 U.S.C § 802(44), which defines "felony drug offense" as, "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State… that prohibits or restricts conduct relating to… marihuana . . ." As indicated in the 851 Notice filed by the Government prior to Harley's guilty plea, Harley was previously charged with Possession of a Controlled Substance with Intent to Distribute. (Doc. 342) This offense involved the possession of marihuana with intent to distribute. Harley was sentenced to 5 years imprisonment for this offense. (PSR ¶ 51).

Accordingly, since the Government timely and properly filed an Information and Notice of Enhanced Sentence in Accordance with 21 U.S.C. § 851 for Harley's 1998 Butler County conviction for possession of a controlled substance offense, Harley was

properly sentenced to the mandatory minimum term of twenty years imprisonment. Harley's attempt to attack the use of his prior conviction to enhance his sentence is misplaced.

In support of his claims, Harley frequently references *Lopez v. Gonzales*, 549 U.S. 47, 127 S.Ct. 625 (2006). In *Lopez*, the Supreme Court held that conduct which is a felony under state law but a misdemeanor under the federal Controlled Substances Act (CSA) is not an "aggravated felony" under the Immigration and Nationality Act (INA) that would disqualify an alien from discretionary cancellation of removal, or from eligibility for asylum, but would subject him to certain enhancements under the Federal Sentencing Guidelines. Lopez had an underlying state felony conviction for possession of cocaine, which equated to simple misdemeanor possession under the CSA. 549 U.S. at 54, 127 S.Ct. at 629. *Lopez* does not apply to Harley's circumstances, and provides him no benefit. Likewise, Harley's reliance on *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 130 S.Ct. 2577 (2010) is misplaced. *Carachuri-Rosendo* held that a second or subsequent simple possession offense, involving the unauthorized possession of one prescription pill, that was not enhanced based on a prior conviction, was not an "aggravated felony" under the INA. Simply put, the holdings of *Lopez* and *Carachuri-Rosendo* have nothing to do with and provide no support for Harley's claim that his prior Butler County felony drug conviction should not have been used to enhance his mandatory minimum sentence from ten years to twenty years imprisonment under 21 U.S.C. § 841(b)(1)(A) and § 851.

Harley's reliance on *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254 (2005) is also misplaced. *Shepard* held that when determining whether a sentence qualified as a

predicate conviction for sentencing enhancement under the Armed Career Criminal Act (ACCA)--18 U.S.C. § 924(e)—the court can look only "to terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." 544 U.S. at 26, 125 S.Ct. at 1263.

**D.      Harley's counsel was not ineffective.**

Harley claims that his counsel was ineffective for failing to object to the use of Harley's Butler County conviction as a prior felony drug offense for enhancing his sentence in light of *Lopez* and *Carachuri-Rosendo*. (2255 Mot. p. 48)

### 1. Harley counsel's representation did not fall below an objective standard of reasonableness

Harley alleges that his "counsel fell below an objective standard of reasonable[ness] and but that for counsel's prior advice, Harley would [n]ot have plead (sic) [g]uilty." (2255 Mot. 52).

In his Motion, Harley frequently claims that his counsel should have challenged the use of his prior Missouri felony drug conviction to enhance his sentence, according to 21 U.S.C. §841(b)(4). (2255 Mot. 53, 79, 80). As discussed, however, Harley's prior Butler County conviction for a felony drug offense was appropriately used to enhance his minimum sentence from ten years to twenty years. Harley's counsel made the correct and reasonable decision when deciding not to challenge the use of Harley's state prior felony drug conviction for that reason.

Harley's counsel was not ineffective. Since Harley's counsel was not ineffective, he was not ineffective for failing to pursue this bogus claim on appeal.

### 2. Harley cannot show that but for the alleged ineffective assistance of counsel, there is a reasonable probability that the outcome of the proceedings would have been different

Harley claims "he could have received a lighter sentence in light of 21 U.S.C. 841(b)(4) had counsel availed himself with basic legal research." (2255 Mot. 47). Harley again asserts that counsel "failed to object to [his] state prior conviction in light of [*Lopez*] and [*Carachuri-Rosendo*]," and, therefore, was ineffective because he would have received a lighter sentence under these two cases. (2255 Mot. 48). As discussed previously, however, *Lopez* and *Carachuri-Rosendo* are inapplicable to Harley's circumstances. Harley cannot establish that he was prejudiced by his counsel's representation.

Harley argues that "without the use of his state prior conviction… he would not have been subject to [the minimum sentence] according to 21 U.S.C. 851(a)(1)." (2255 Mot. 56, 75, 80). As contemplated by the Plea Agreement, however, Harley had a conviction for second felony drug offense that was not filed under § 851. Harley ignores the existence of another prior state felony conviction that was not used, but could have been used, to increase his sentence. As indicated in the Presentence Report, Harley had a second conviction for a prior felony drug offense on June 17, 2003, when he was convicted of the felony of possession of a controlled substance in the Circuit Court of Butler County, Missouri. On September 16, 2003, for this offense Harley was sentenced to four years imprisonment. (PSR ¶ 57) Harley claims that this conviction would not

have qualified as a prior felony drug offense to enhance his mandatory minimum term of imprisonment since it would not trigger a five year mandatory minimum sentence under federal law. Harley is mistaken on this claim also.

Under the Plea Agreement, the Government agreed to seek statutory enhancement of Harley's sentence pursuant to Title 21, U.S.C. § 851(a) for only one of Harley's prior felony drug offenses, which subjected Harley to a mandatory minimum sentence of twenty years pursuant to 21 U.S.C. § 841(b)(1)(A). (Plea Ag. ¶ 2) If the Government had filed notice of both of Harley's prior felony drug offenses, he would have been subjected to a mandatory minimum term of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A).

If not for the very effective assistance of his counsel in negotiating the filing of only one prior felony drug conviction, upon conviction at trial Harley would have been sentenced to a mandatory term of life imprisonment.

Harley must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985); *Matthews v. United States*, 114 F.3d 112, 114 (8th Cir. 1997). The test for determining the validity of Harley's guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill*, 474 U.S. at 56, 106 S.Ct. at 369. Harley acknowledged "having voluntarily entered into both the plea agreement and guilty plea," and that he was guilty. (Plea Tr. 11) Since Harley faced a possible mandatory minimum sentence of life in prison if convicted at trial because of his two

prior drug felony convictions, entering into a guilty plea where his mandatory minimum sentence was twenty years instead of life imprisonment was obviously the most intelligent choice among Harley's alternatives.

### 3. Each of Harley's additional claims in relation to his alleged ineffective assistance of counsel claims are refuted by the record and have no basis in fact or law

Harley asserts that counsel failed to notify him of the governments' § 851 notice. (2255 Mot. 65) Harley also alleges that he was "not informed by counsel 'which' state prior conviction Gov't would apply for purpose of 851(a)(1)." (Id.) However, it would not have mattered which conviction for a prior felony drug offense was filed by the government pursuant to 21 U.S.C. § 851. Both would have qualified to enhance Harley's mandatory minimum term of imprisonment. Harley's allegations are refuted by the record.

The government filed an Information and Notice of Enhanced Sentence in accordance with 21 U.S.C. § 851 on May 17, 2012. (Doc. 342, Plea Tr. 8) The 21 U.S.C. § 851 notice was accompanied by a Certificate of Service which stated that the Notice had been filed electronically on Harley's counsel on May 17, 2012. Harley had full knowledge of the existence of the enhancement because the Plea Agreement, signed by Harley, stated that the government agreed to seek a statutory enhancement of Harley's sentence pursuant to 21 U.S.C. § 851(a). (Plea Ag. ¶ 2) During the Change of Plea Hearing on May 21, 2012, Harley indicated that he understood the inclusion of the statutory enhancement of the sentence, and knew that he would be subjected to a minimum mandatory sentence of 20 years. (Plea Tr. 7)

**E. Harley's allegations of prosecutorial misconduct relative to the Government obtaining pen register orders as part of its investigation are conclusory, illogical, wholly lacking in factual support, and devoid of merit**

In pages 120 through 147 of his Motion, Harley makes several unsupported allegations of prosecutorial misconduct, claiming violations of the Equal Protection Clause, Due Process Clause, and the Eighth Amendment to the United States Constitution in page 120. Harley's claims are convoluted, illogical, and conclusory. Harley's primary claim appears to be that he feels that a pen register order authorized by the Court was obtained by misrepresentations and in violation of law. It is difficult, however, to divine what representations were made that Harley now claims were false in the application for pen register orders, and how the Government would not have been entitled to seek and obtain pen registers on other drug traffickers' phones. If Harley had an objection to the use of the pen registers for the phones of his co-conspirators' phones, his claims should have been raised in this Court, and then on direct appeal. Such claims are devoid of merit.

By pleading guilty, Harley waived arguments of pre-plea prosecutorial misconduct. *United States v. Cain*, 134 F.3d 1345, 1352-53 (8th Cir. 1998)(citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608 (1973)), and *United States v. Vaughan*, 13 F.3d 1186, 1187-88 (8th Cir.1994) (guilty plea waives all nonjurisdictional claims arising from pre-plea events).

There is no factual basis to Harley's claims of prosecutorial misconduct. The pen register of which Harley complains was not even directed to Harley's telephone, but instead was for David A. Parker's and Shanda Parker's telephone. (2255 Mot. 120, 125) Harley's claims of prosecutorial misconduct should be dismissed as mere conclusions

and inherently not credible. *See Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012)(quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir.1995)). This Court need not give weight to Harley's conclusory allegations of prosecutorial misconduct. *See McGill*, 11 F.3d at 225.

### F. Harley's allegations of prosecutorial misconduct relative to him being improperly joined as a co-conspirator are devoid of merit and refuted by the record

On page 147 of his Motion, Harley makes another allegation of prosecutorial misconduct claiming that he should not have been charged in a conspiracy with his co-defendants, other than David Parker because he "only dealt with David A. Parker." (2255 Mot. 147) This allegation is not properly the subject of a prosecutorial misconduct claim and is refuted by the record. Harley should have presented his claim that he was improperly charged as a co-conspirator to this Court as well as on direct appeal. In his Plea Agreement, Harley waived his right to contest and appeal the issue of whether he was improperly charged as a co-conspirator with his co-defendants. Harley appears to be claiming that he was improperly charged in the conspiracy because he only knew David Parker. However, "[n]either the law, nor logic, requires that all of the conspirators know each other or the full extent of the conspiracy's reach." *United States v. Slaughter*, 128 F.3d 623, 630 (8th Cir. 1997). As previously stated, by pleading guilty, Harley waived arguments of pre-plea prosecutorial misconduct.

Harley's claim that he was improperly joined as a co-conspirator is refuted by the record. Contrary to Harley's claim that he was not involved in the conspiracy with his co-defendants, Harley admitted the following in his Plea Agreement:

As charged in Count I of the Indictment, including from about June 16, 2010 through May 3, 2011, in Dunklin County, Missouri, within the Eastern District of Missouri, and elsewhere, defendant David Lee Harley, conspired and agreed with David A. Parker, the other co-defendants charged in Count I of the Indictment, and others, to knowingly and intentionally distribute 280 grams or more of a mixture or substance which contained cocaine base, a Schedule II narcotic controlled substance. During that time, in Dunklin County, Missouri, defendant Harley obtained over eight ounces of powder cocaine and over twelve ounces of cocaine base from Parker, which had been supplied to Parker by other co-conspirators, which Harley intended to distribute, and did distribute in furtherance of the conspiracy, to others who purchased the cocaine and cocaine base from Harley in Butler County and other areas in Southeast Missouri. Harley converted over half of the eight ounces of powder cocaine he obtained from Parker into cocaine base before distributing it to others in Southeast Missouri.

The total amount of cocaine base and cocaine for which defendant Harley is responsible during the course of the conspiracy, including amounts distributed by other co-conspirators during the conspiracy that was reasonably foreseeable to Harley while he was a member of the conspiracy, and additional relevant conduct pursuant to U.S.S.G. 1B1.3 for which Harley is also responsible, is 400 grams of cocaine base and 250 grams of cocaine.

(Plea Ag. ¶4) After this paragraph of the Plea Agreement was recited during the plea hearing, Harley acknowledged to this Court that these facts were true and correct, and there was no question about it. (Plea Tr. 11-13) When asked if he admitted that he did all the acts described in open court, Harley replied "Yes, sir." (Plea Tr. 13) Harley cannot now claim that he was improperly joined as a co-conspirator in the Indictment when he admitted in the Plea Agreement under oath that he was a member of the overall conspiracy. In his Plea Agreement, Harley admitted to obtaining over 12 ounces of crack cocaine from David Parker, who Harley acknowledges dealing with in his 2255 Motion. (2255 Mot. 147) Twelve ounces of cocaine base yields more than 336 grams, which would subject Harley to the ten year mandatory minimum sentence because his admitted conduct exceeds 280 grams of cocaine base. See 21 U.S.C. § 841(b)(1)(A). Harley

waived his right to claim that he was improperly charged as a co-conspirator when he executed the Plea Agreement, entered his guilty plea, and accepted the benefits of the Plea Agreement by avoiding a mandatory term of life imprisonment.

## CONCLUSION

For the foregoing reasons, this Court denies Harley's § 2255 petition, without a hearing.

**SO ORDERED** this 29th day of August, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE